IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE SUAREZ CRUZ, LIZETTE ALCALA
ROSADO; AND THE CONJUGAL
SOCIETY COMPOSED BY BOTH,

Plaintiffs,

v.

CARIBBEAN UNIVERSITY, INC.,
ANA E. CUCURELLA, LOURDES
MORALES, KENDRA M. ORTIZ, VILMA
CRUZ DE TORRES, EDGARDO ROSALY
MANFREDY, LOUISE MORELL,
EDUARDO ORTIZ, AND REBECA
RAMOS,

Defendants.

CIVIL NO. 06-1179 (FAB-CVR)

## OPINION AND ORDER

### INTRODUCTION

On February 15, 2006, plaintiffs José Suárez Cruz, Lizette Alcalá Rosado and the community property constituted by them (hereafter "plaintiffs") filed a complaint against defendants Caribbean University, Inc. (hereafter "Caribbean University"), a corporation engaged in higher education and individual co-defendants as officers of defendant Caribbean University.[1] (Docket No. 1).

Plaintiffs and defendants are citizens and are domiciled in the Commonwealth of Puerto Rico. Hence, plaintiff's federal cause of action against defendants was filed under

---

[1] Co-defendants include Ana E. Cucurella, Lourdes Morales, Kendra M. Ortiz, Vilma Cruz De Torres, Edgardo Rosaly Manfredy, Louise Morell, Eduardo Ortiz, and Rebeca Ramos.

Title 18, <u>United States Code</u>, Section 1962(c), as an alleged civil violation of the Organized Crime Control Act of 1970 ("RICO").[2]   Plaintiffs also filed, as pendent state claim,  under the Puerto Rico Civil Code, Title 32, Art. 1802, for torts and ensuing damages.

Plaintiffs' claims against defendants are predicated in that plaintiff José Suárez (hereafter "plaintiff Suárez), being a nurse who holds an associate degree, applied for admission to defendant Caribbean University institution to obtain a bachelor's degree in nursing upon being admitted and enrolled in a bachelor's degree program offered at the Ponce branch.  Defendants required and accepted payment for the academic credits of Suárez, despite the fact that the Ponce branch was not licensed to offer a bachelor's degree in nursing.  *Complaint ¶¶ 14-18*.  Plaintiff Suárez obtained a Federal Pell Grant and a Federal Nursing Grant to pay for tuition, supplemented by the funds disbursed by the conjugal society.  *Id. ¶19*.  Co-defendant Eduardo Ortíz, as officer of defendant Caribbean University, processed and received all federal proceeds via the United States Postal Service and/or electronic methods, knowing this was a collection of an unlawful and unauthorized debt.  *Id. ¶ 20*.

Plaintiff Súarez avers that, after two semesters of studies, he began to suspect of the representations made by Caribbean University, although defendants denied the truth of the matter.   Suárez filed a complaint before the Council of Higher Education of the

---

[2] §1962.  Prohibited.

....

(c) It shall be unlawful for any person employed by or associated within any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

José Suárez, et al. v. Caribbean University, et al
Civil No. 06-1179 (FAB-CVR)
Opinion and Order
Page No. 3

Commonwealth of Puerto Rico since defendants would not provide the information requested, finding the Ponce branch of Caribbean University offered and gave unauthorized courses contrary to law.  *Complaint ¶¶ 21-25.*

On March 31, 2006, defendants filed a motion to dismiss for failure to state a claim under Fed.Rule of Civ. P. 12(b)(6), as to the federal cause of action under Section 1962, for the complaint failing to allege facts involving a pattern of racketeering activity under RICO. (Docket No. 15).  Defendants submit that although plaintiff avers the use of the postal service and/or electronic method for the collection of an alleged unlawful and unauthorized debt, there is no allegation as to the time, place and content of the alleged mail and wire communication.  Neither is the alleged unlawful debt in the complaint related to any gambling or usury laws as required under Section 1961(6).  Furthermore, the acts allegedly incurred by defendants in the complaint, constitute one single episode as to which a pattern of racketeering activity cannot be established.

Defendants finally submit as grounds for dismissal that under Fed.R.Civ.P. 9(b), plaintiffs failed to plead with particularity the cause of action which is based on fraud for the RICO claim submitted by not specifying the time, manner elements of the cause of action based on fraud, the persons alleged to have misrepresented what is generalized by plaintiffs as unlawful and fraudulent activities as to each particular defendant.

Plaintiffs' opposition to the defendants' request for dismissal argues plaintiffs should not be required to plead facts supporting each and every element of the case to survive a motion to dismiss, being solely required to provide a short and plain statement of the claim showing being entitled to relief.  (Docket No. 19).  Plaintiffs' opposition summarizes the

José Suárez, et al. v. Caribbean University, et al
Civil No. 06-1179 (FAB-CVR)
Opinion and Order
Page No. 4

alleged participation of each co-defendant pursuant to their positions in the Caribbean University, which was not alleged as such in the complaint. Plaintiffs have not attempted to amend the complaint or to request leave from the court for such purposes.[3]

On May 16, 2006, defendants filed a reply to plaintiffs' opposition. (Docket No. 20). Defendant submits plaintiffs not only included matters outside the allegations of the complaint with their opposition which are to be disregarded, but RICO claim as basis for federal jurisdiction is still absent. Upon the case being transferred to a newly appointed judge, the motion to dismiss being unresolved, the parties proceeded to file respective motions for summary judgment. (Docket Nos. 21, 49).

The Court referred this action to this United States Magistrate Judge for all further proceedings, including the entry of judgment, the pending Motion to Dismiss, as well as two subsequent motions for summary judgment. Accordingly, these motions are addressed below. (Docket Nos. 103, 104).

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may, consider materials outside the pleadings without converting the motion to dismiss into one for summary judgment.[4] Still, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in

---

[3] Even at this juncture, after discovery and summary judgment motions were filed, plaintiffs have not attempted to amend the pleadings of the complaint to satisfy the indications as to RICO that defendants initially filed in the motion to dismiss.

[4] Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

José Suárez, et al. v. Caribbean University, et al
Civil No. 06-1179 (FAB-CVR)
Opinion and Order
Page No. 5

support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)); *see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); *see also* Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007).[5]

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). *See* Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.2d 1, 5 (1st Cir. 2005) (as to dismissal under Rule 12(b)(6) the Court assumes the truth of all well-pleaded facts in the complaint and indulges all reasonable inferences that fit the plaintiff's theory of liability).  A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory."  Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss.  Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

## LEGAL DISCUSSION

Defendants submit plaintiffs herein have failed to present a claim in the complaint in compliance with the requisites for a civil RICO violation.  In order to make out a civil

---

[5]  No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face.  Bell Atlantic, 127 S.Ct. at 1974.  The Supreme Court recently issued an opinion that changes the standard for a motion to dismiss so that plaintiffs will now have to include more information in their pleadings if they want to survive a 12(b)(6) motion.  The case is Bell Atlantic, 127 S. Ct. at 1969 (2007).  The First Circuit already cited to it and noted the new standard in Rodríguez-Ortiz, 490 F.3d at 94-95.

José Suárez, et al. v. Caribbean University, et al
Civil No. 06-1179 (FAB-CVR)
Opinion and Order
Page No. 6

claim under the RICO Act by way of wire fraud, to meet the particularity requirement of rule governing pleading of fraud, a plaintiff is required to go beyond a showing of fraud and state the time, place and content of the alleged mail and wire communications perpetrating that fraud. Fed.Rules Civ.Proc.Rule 9(b), Titles 28 and Title 18, United States Code, Sections 1343, 1964(c).

## I. Federal RICO Claim Requisites.

RICO was enacted in order to halt organized crimes infiltration of the American economy by creating enhanced sanctions and new remedies against defendants who engage in racketeering activity to operate or gain control of business enterprises. In addition to the substantial criminal penalties and harsh civil remedies that the government can seek, Section 1964(c) offers a private right of action for treble damages to anyone injured by reason of a violation of the Act. See generally, *Note, Civil RICO: The Temptation and Impropriety of Judicial Restriction*, 95 Harv.L.Rev. 1101 (1982).

Although pleadings should generally be construed liberally, a greater level of specificity is required in cases brought under RICO. Bessette v. Avco Financial Services, Inc., 230 F.3d 439 (1st Cir. 2000).

In order to make out a civil claim under RICO by way of wire fraud, a plaintiff must allege that a group of defendants engaged in a scheme to defraud with the specific intent to defraud and that they used ... the interstate wires in furtherance of the scheme. *See* McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc., 904 F.2d 786, 790 (1st Cir. 1990), and in particular that defendants engaged in at least two instances of such predicate wire use. *See* Ahmed v. Rosenblatt, 118 F.3d 886, 888 (1st Cir. 1997).

The Federal Rules of Civil Procedure usually permit a plaintiff to make general allegations in a complaint, see Fed.R.Civ.P. 8, but more specific pleading is required where a plaintiff alleges fraud, *see id.*, 9(b), as is the case presented by herein plaintiffs against defendants under RICO. In particular, under Rule 9, the pleader is required to go beyond a showing of fraud and state the time, place and content of the alleged mail and wire communications perpetrating that fraud. *See* N. Bridge Assocs., Inc. v. Boldt, 274 F.3d 38, 43 (1st Cir.2001) (*quoting* Feinstein v. Resolution Trust Corp., 942 F.2d 34, 42 (1st Cir. 1991)). It is not enough for a plaintiff to file a RICO claim, chant the statutory mantra, and leave the identification of predicate acts to the time of trial. *Id.* (*quoting* Feinstein, 942 F.2d at 42).

Turning to this case, plaintiffs asserted conclusorily in the complaint allegations of the use of the mail and/or wire fraud without making the requisite allegations identifying specific as to time, place, and content.

On a motion to dismiss, a court is required to accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. In re Stone & Webster, Inc., Sec. Litig., 414 F.3d 187, 200 (1st Cir.2005). The court need not accept a plaintiff's assertion that a factual allegation satisfies an element of a claim, however, nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion. Resolution Trust Corp. v. Driscoll, 985 F.2d 44, 48 (1st Cir. 1993); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004). The court will not accept conclusory allegations concerning

the legal effect of the events the plaintiff has set out if these allegations do not reasonably follow from the pleader's description of what happened....).

Thus, the court is under no obligation to read the plaintiffs' complaint, which failed to allege with specificity the factual predicates for a RICO violation, as implying that a RICO claim could have been made out with specificity, as averred in plaintiffs' opposition. Neither is this federal court to accept the averments in the plaintiffs' opposition to the motion to dismiss as amended pleadings or an amended complaint, which plaintiffs never sought to file.

When matters outside the pleadings are presented as to a motion under Fed.R.Civ.P. 12(b)(6), the exception is for documents as to which the authenticity are not disputed by the parties, official public records, documents central to plaintiff's claim or documents sufficiently referred to in the complaint.  *See* Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).  Plaintiffs' opposition herein making reference to matters outside the complaint are not so considered.

Failure to plead with specificity in a RICO action may merit dismissal. *See id*. at 44. Because, however, it will often be difficult for a plaintiff to plead with specificity when the facts that would support a claim are solely in the possession of a defendant, the Court of Appeals for the First Circuit held in New England Data Services, Inc. v. Becher, 829 F.2d 286 (1st Cir.1987),[6] that a court faced with an insufficiently specific claim may permit limited discovery in order to give a plaintiff an opportunity to develop the claim and amend

[6]  In North Bridge the RICO allegation arose from a dispute between investors in a time-share venture and a condominium trustee wherein plaintiffs had identified two letters by date and content as predicate acts of mail fraud, but there was a lack of showing of continuity.

José Suárez, et al. v. Caribbean University, et al
Civil No. 06-1179 (FAB-CVR)
Opinion and Order
Page No. 9

the complaint. *Id.* at 290. Among the particular facts that a plaintiff might under some circumstances have difficulty proving without access to discovery is whether or not a particular communication passed over the interstate wires.  The Court of Appeals for the First Circuit indicated that under such situation a <u>Becher</u> discovery  may be called for, though is not necessarily required, when the interstate nature of a wire transaction is in question.[7]

Still <u>Becher</u> discovery (with concomitant leave to amend) is neither automatic, nor of right, for every plaintiff. <u>Ahmed</u>, 118 F.3d at 890. The threshold questions are whether the specific allegations of the plaintiff make it likely that the defendant used interstate mail or telecommunications facilities, and the specific information as to use is likely in the exclusive control of the defendant. <u>Becher</u>, 829 F.2d at 290.  *See* <u>Cordero-Hernández v. Hernández-Ballesteros</u>, 449 F.3d 240 (1st Cir. 2006) (Purchaser of boutique brought cause of action against her seller and others to recover for seller's alleged fraud, breach of contract, and acts of racketeering dismissed).  Such is not the situation as to herein plaintiffs who at all times in the complaint lack the specificity of the alleged acts of mail and/or wire fraud generally referred and which information alleged is not within defendants' control.

---

[7]  Whether Rule 9(b) specificity as to fraud claims is satisfied, and if not, whether to allow discovery, must view factors as a whole, i.e., the general scheme to defraud, the establishment of interstate commerce and the resulting implications of the use of interstate wires and mails, whether the communications were between the defendants solely or between the defendants and plaintiff, so as to determine the final factor of whether the facts were peculiarly within the defendants' control and plaintiff should first be entitled to discovery prior to considering dismissal. <u>Becher</u>, 829 F.2d at 292.

José Suárez, et al. v. Caribbean University, et al
Civil No. 06-1179 (FAB-CVR)
Opinion and Order
Page No. 10

In view of the foregoing, we find the complaint filed by plaintiffs in this case fails to fulfill the requisites of specificity necessary to establish a RICO claim.  Additionally, the complaint presents other hurdles we proceed to discuss.

### A.  Pattern of Racketeering.

It is not enough that defendants may have engaged in racketeering "acts"; these acts must constitute a "pattern of racketeering activity" as construed under RICO for there to be liability. *See* 18 U.S.C. § 1962.: <u>Roeder v. Alpha Industries, Inc</u>., 814 F.2d 22, 30 (1st Cir. 1987).  "Racketeering activity" under RICO includes acts of bribery, mail fraud, wire fraud, and interstate transportation of money taken by fraud, crimes alleged to have been committed by defendants. RICO provides that a **"***'pattern of racketeering activity' requires at least two acts of racketeering activity*." 18 U.S.C. § 1961(5) (emphasis added). The Supreme Court has said that this definition implies "that while two acts are necessary, they may not be sufficient." <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 3285 n. 14 (1985).

The Senate Report on RICO, which was quoted by the Court when it discussed the problem of defining the pattern requirement, provides guidance on what transforms individual acts into a pattern of racketeering activity: "The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of continuity plus relationship which combines to produce a pattern." *Id*. (quoting S.Rep. No. 91-617, 91st Cong., 1st Sess. 158 (1969) (emphasis added

by the Court)).  Roeder v. Alpha Industries, Inc., 814 F.2d at 30.  The statute requires at least two acts of racketeering activity, and, "while two acts are necessary, they may not be sufficient.  Sedima, S.P.R.L., 105 S.Ct. at 3285.

Even showing two predicate acts required to establish a pattern must demonstrate that the predicates are related and that they amount to or pose threat of continued criminal activity.  It was held that seventeen alleged predicate acts of wire and mail fraud over a period of twenty one (21) months, did not pose threat of continued criminal activity, since injury resulted from a single set of alleged misdeed and occurred at the same time and there was nothing to suggest defendant would seek to repeat the fraud in other partnerships or similar business setting or to employ mail and wire fraud indefinitely.  When a pleading did not state substantive RICO claim upon which relief may be granted, the conspiracy claim would also fail.  Efron v. Embassy Suits, 223 F.3d 12 (1st Cir. 2000),

Plaintiffs' opposition, in attempting to amend the scarce pleading of the RICO allegation, submitted having the Caribbean University forwarded tuition invoices via the United States Postal Service or interstate electronic means and on at least two (2) occasions, August 18, 2004 and January 11, 2005, upon received payment of federal funds to satisfy the tuition of plaintiff Suárez.  Even if taken as true, although not made part of the complaint, it has been held that two separate letters sent by a defendant four months apart, demanding payment of amounts owed on note and payment of legal fees, were not continuous and thus could not serve as predicate acts establishing a pattern of racketeering activity sufficient to support RICO claim.  North Bridge Assoc., Inc. V. Boldt, 274 F.3d 38 (1st Cir. 2001).  All the complaint claims at ¶20 is that "[u]pon information and belief,

Eduardo Ortiz processed and received all federal via the United States Postal Service and/or electronic methods, knowing that this was a collection of an unlawful and unauthorized debt". Such averment does not establish the required pattern for a RICO violation.

### B.  Rule 9(b) Requisites as to Fraud.

Defendants have also submitted, in addition to the RICO limitations, plaintiffs have failed to comply with the requisite of Fed.R.Civ.P. 9(b) upon making a generalized allegation of fraud in the complaint.

Rule 9 (b) -specificity for fraud claims provides ... "(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The three purposes generally behind Rule 9(b)'s particularity requirement are (1) to place defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputations. New England Data Services, Inc. v. Becher, 829 F.2d at 288.

Whether plaintiff may be entitled to additional discovery before the court rules on a motion to dismiss for failure to state claim with specificity, needs consideration if the specific information missing and necessary is in the exclusive control of defendant. A plaintiff who has failed to allege predicate acts of fraud with requisite particularity after

José Suárez, et al. v. Caribbean University, et al
Civil No. 06-1179 (FAB-CVR)
Opinion and Order
Page No. 13

three years in which to conduct discovery to correct procedural deficiencies in the complaint, was not entitled to further discovery and opportunity to amend. <u>Cordero-Hernández v. Hernández-Ballesteros</u>, 449 F.3d at 240.

Having examined the complaint, it is determined it lacks the necessary showing and requisites for a RICO civil claim and for the specificity required by Rule 9 when alleging fraud, and thus is subject to dismissal upon which relief may be GRANTED.

It is further determined plaintiffs need not at this stage be granted leave to amend the complaint because of pending discovery needs not within its control.  Hence, the federal cause lacks the necessary particularity for a fraud to be established under Fed.R.Civ.P. 9(b).

Accordingly, the federal cause of action is **DISMISSED**.

## II.  State Pendent Claims.

Insofar as the pendent state claim, the summary judgment motions thereafter submitted have raised that the statutes of limitation preclude the same.[8]

Having already disposed above of plaintiffs' federal claim under RICO, the remaining pendent state claim is now to be addressed.  Plaintiffs allege in the complaint supplemental causes of action under Puerto Rico Law, to wit, Article 1802 of the Puerto Rico Civil Code.

Pendent or supplemental jurisdiction claims by plaintiffs are subject to this Court discretionary power.  Pendent jurisdiction exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made under their authority and the

---

[8]  Defendants submitted for summary disposition plaintiff sSuárez knew as of August 2004 he had been registered at Caribbean University for an associate degree program in nursing, and was so certified on October 15, 2004, as well as then knowing the Ponce campus did not offer a bachelor's degree.  Thus, the one year statute of limitation for a section 1802 of the Puerto Rico Civil Code  would preclude the tort-damages claim since the complaint was filed in February 15, 2006.  (Docket No. 43).

relationship between that claim and the state claim can be found to constitute, but one constitutional case. The state claims must be linked to the federal claim by a "common nucleus of operative facts", and must be sufficiently substantial to confer federal court jurisdiction. *See* United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966); Rodríguez v. Doral Mortgage Corp, 57 F.3d 1168, 1175 (1st Cir. 1995).

In Gibbs, 383 U.S. at 726, the Supreme Court ruled that a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *See* Martínez v. Colón, 54 F.3d 980, 990 (1st Cir. 1995).

The preferred approach is pragmatic and case-specific. Thus, in "an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims." Rodríguez v. Doral Mortgage Corp, 57 F3d at 1177; Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996).

The exercise of pendent jurisdiction being discretionary, and there remaining no cognizable federal claims in this litigation, this Court declines to exercise pendent jurisdiction as to plaintiffs' state law claims, whose federal cause of action were object of summary disposition, and hereby dismisses the pendent state claims without prejudice.

José Suárez, et al. v. Caribbean University, et al
Civil No. 06-1179 (FAB-CVR)
Opinion and Order
Page No. 15

In the absence of a federal cause of action, this Court declines to exercise jurisdiction or adjudicate the merits of the state claim, which may be one resting on torts and/or contract between the parties, for which the claims of being filed after the limitation period and thus time-barred need not be determine by this federal court.

Accordingly, plaintiff's state pendent claims under the Puerto Rico Civil Code are **DISMISSED WITHOUT PREJUDICE.**[9]

### CONCLUSION

In view of the foregoing, the federal complaint under RICO is **DISMISSED** for failure to state a federal claim upon which relief may be granted.  In addition, the court declines to exercise pendent state jurisdiction and, thus, the pendent state claims are **DISMISSED WITHOUT PREJUDICE**. Judgment is to be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 3rd day of August of 2009.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE

---

[9]  The respective motions for summary judgment are herein considered moot and no in-depth examination is required.